UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CASE NO:

PRIMERICA LIFE INSURANCE COMPANY,

    Plaintiff,

vs.

THELMA STOKES, SHAWN MAY, and
JESSICA SMITH,

    Defendants.
_____/

## PRIMERICA LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER

Pursuant to Rule 22 of the Federal Rules of Civil Procedure, Plaintiff Primerica Life Insurance Company ("Primerica") files this Complaint for Interpleader against Defendants, THELMA STOKES, SHAWN MAY, and JESSICA SMITH (collectively referred to as "Claimants"), and alleges as follows:

### PARTIES

1. Primerica is incorporated under the laws of Tennessee with its principal place of business in Duluth, Georgia. Thus, for purposes of diversity jurisdiction, Primerica is a citizen of Tennessee and Georgia.

2. Thelma Stokes ("Thelma") is an individual citizen of and domiciled in Bay County, Florida. Thelma is the mother of Michael David Smith (the "Deceased").

3. Shawn May ("Shawn") is an individual citizen of and domiciled in Hernando County, Florida. Shawn is the stepson of the Deceased.

4. Jessica Smith ("Jessica") is an individual citizen of and domiciled in Walton County, Florida. Jessica is the daughter of the Deceased.

## JURISDICTIONAL ALLEGATIONS

5. Primerica brings this action of interpleader of a sum that exceeds $75,000.00, exclusive of interest and costs.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between Primerica and each of the other parties to this action, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(b)(1) and (2) because this District is where one or more of the Claimants resides and all Claimants are residents of Florida, and/or because this District is where a substantial part of the events occurred that give rise to the cause of action set forth in this Complaint.

## FACTUAL ALLEGATIONS

8. On or about June 26, 2012, the Deceased completed an application for life insurance coverage with Primerica (the "Application"). A redacted copy of the Application is attached as **Exhibit "1."**

9. In the Application, the Deceased designated Thelma as the primary beneficiary of his insurance coverage. *See* Ex. 1.

10. Thereafter, policy number xx-xxxx7442 was issued to the Deceased on or about August 10, 2012 (the "Policy"). A copy of the Policy in effect at the time of the Deceased's passing is attached as **Exhibit "2."**

11. On December 2, 2023, the Deceased passed away in Bay County, Florida.

12. At the time of the Deceased's death, the benefit under the Policy was $250,000.00 (the "Policy Benefit").

13. On or about December 13, 2023, Primerica received page two of a Multipurpose Change Form, purportedly signed by the Deceased on July 26, 2021, designating the primary beneficiaries of the Policy as eighty percent (80%) Shawn, ten percent (10%) Jessica, and ten percent (10%) Thelma. A redacted copy of the partial Multipurpose Change Form dated July 26, 2021 received by Primerica is attached as **Exhibit "3."**

14. On or about January 9, 2024, Primerica received a Claimant's Statement from Thelma, by which she sought to be paid the Policy Benefit. A redacted copy of the Claimant's Statement received from Thelma is attached as **Exhibit "4."**

15. Thelma contends that the signature on the Multipurpose Change Form is not the Deceased's signature, that the Multipurpose Change Form is invalid, and that she is the sole beneficiary of the Policy Benefit.

16. Shawn contends that the Multipurpose Change Form was signed by the Deceased and is valid.

17. Due to the conflicting claims and demands for the Policy Benefit, Primerica is unable to determine which Claimant(s) is entitled to the Policy Benefit.

18. Primerica has retained the undersigned counsel to represent it in this action and has agreed to pay them a reasonable fee.

19. Primerica is entitled to recover its reasonable attorneys' fees and costs in this action pursuant to applicable law.

## COUNT I - INTERPLEADER

20. Primerica incorporates by reference the allegations set forth in paragraphs 1 through 19, inclusive, of the Complaint as if fully set forth herein.

21. At this time, there exist rival, adverse, and conflicting claims among the Claimants as to who is entitled to the Policy Benefit.

22. Primerica has done nothing to create the dispute over the entitlement to the Policy Benefit.

23. Due to the conflicting claims and demands for the Policy Benefit, Primerica is unable to determine which Claimant(s) is entitled to the Policy Benefit, is in danger of being exposed to double or multiple liability, and cannot safely pay the Policy Benefit without the aid of this Court.

24. Primerica has no interest in the Policy Benefit, is indifferent to the respective claims hereto and, therefore, is entitled to interplead the Policy Benefit into the Registry of the Court and be discharged from this action.

25. This cause is not brought in collusion with any party in the instant action and Primerica has no beneficial interest in the Policy Benefit.

26. Primerica is ready, willing, and able to deposit the Policy Benefit into the Court Registry, or to any other custodian or trustee the Court deems proper.

**WHEREFORE**, Plaintiff Primerica Life Insurance Company respectfully requests the following relief:

A. That this Court take jurisdiction over the parties and permit Primerica to deposit the Policy Benefit with the Registry of the Court;

B. That this Court issue an order requiring the Claimants to the above-styled cause to interplead as to their rights and settle or litigate among themselves their claims and rights to the Policy Benefit;

5

C. That Primerica be discharged from all liability to the Claimants to this action concerning Primerica's obligations pursuant to the Policy or the Policy Benefit;

D. That the Claimants be enjoined and prohibited from instituting any actions against Primerica and/or its agents, affiliates, employees, and servants, regarding the Policy or the Policy Benefit;

E. That Primerica be awarded costs and reasonable attorneys' fees, to be paid from the Policy Benefit, for bringing this action;

F. That Primerica be dismissed as a party to this action; and

G. For such other and further relief as this Court deems just, equitable and proper.

Dated: May 7, 2024.  Respectfully submitted,

By: *s/ Megan A. McNamara*
Megan A. McNamara
Florida Bar No.: 112636
mmcnamara@foxrothschild.com
David A. Greene
Florida Bar No.: 87629
dgreene@foxrothschild.com
**FOX ROTHSCHILD LLP**
777 South Flagler Drive
Suite 1700 – West Tower
West Palm Beach, FL 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

*Attorneys for Plaintiff, Primerica Life Insurance Company*

6